IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES A. HEARD, M20133, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 25-cv-1560-DWD |
| | ) |
| JOHN DOE DOCTOR, | ) |
| JOHN BARWICK, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff James Heard, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center (Pinckneyville), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that the defendants have violated his rights by failing to provide treatment for a strangulated hernia despite deeming his grievances about the emergencies. Upon initial review of the Complaint, the Court designated two claims to proceed, it directed the Clerk to docket a freestanding Motion for a Preliminary Injunction (Doc. 8), and it directed the prison to respond within 14 days about Plaintiff's medical situation. The prison's Warden has now responded. (Doc. 14).

## The Complaint

Plaintiff alleges that he is currently suffering from a strangulated hernia about the size of a golf ball, which was formally diagnosed as an inguinal hernia in May of 2025. He claims that he filed a first emergency grievance about the issue on May 19, 2025, which

was deemed an emergency by Defendant Barwick (the Warden) on May 29, 2025. (Doc. 1 at 6). Despite the grievance being deemed an emergency, he has not received a response. He claims that his hernia has become strangulated, he can no longer push it back into place, and he is concerned that the tissue will die, or he could have a serious complication. He claims he is no longer able to participate in daily activities, and he is concerned that any wrong move could cause serious damage. On June 17, 2025, he filed a second emergency grievance to inquire about the first, and it was also deemed an emergency on June 30, 2025. (Doc. 1 at 8). Despite these efforts, as of August 5, 2025, he still had not received any response.

Plaintiff claims that he has also filed 10-20 emergency sick call slips to no avail. Other than being seen by a doctor in May to initially diagnose the hernia, he states he has not been seen by a doctor, and he has not received medical care. As relief, Plaintiff seeks preliminary injunctive relief in the form of emergency surgery. (Doc. 1 at 9).

Based on the allegations in the Complaint, the Court designated the following claims:

> **Claim 1:** **Eighth Amendment deliberate indifference claim against Defendant John Doe for failing to follow-up concerning Plaintiff's hernia;**
>
> **Claim 2:** **Eighth Amendment deliberate indifference claim against Defendant Barwick for deeming grievances emergencies but failing to ensure timely processing.**

### Request for Immediate Injunctive Relief

Plaintiff did not file a freestanding motion for a preliminary injunction, but in his demand for relief and in the body of the complaint (Doc. 1 at 8-9) he clearly and

unequivocally asks the Court for immediate injunctive assistance, and indicates he is experiencing ongoing medical complications. Specifically, he asks that he be approved for emergency surgery on his strangulated hernia. While inmates cannot demand specific care from the prison healthcare system, Plaintiff appeared to be receiving no care whatsoever.

### The Warden's Response (Doc. 14)

In response to Plaintiff's medical condition, the Warden provided a declaration from healthcare administrator Christine Brown (Doc. 14-1), as well as medical records (Doc. 14-2). Brown explains that on May 5, 2025, Plaintiff was seen by a physician's assistant, at which time he complained of pain and a bulge in his right groin area, but indicated he was only uncomfortable when he tried to push it back in. (Doc. 14-at at ¶ 5). Plaintiff was referred for a general surgery consultation. (*Id.*). On August 22, 2025, Plaintiff was seen by a doctor, at which time he was noted to be comfortable, but it was documented that he had a right inguinal scrotal hernia and elevated bilirubin. (Doc. 14-1 at ¶ 6). The doctor indicated Plaintiff should return to clinic in four months, he should be referred for general surgery, he should have a CT, and he should have lab work. (*Id.*). On August 29, 2025, Plaintiff was seen by a general surgeon for his hernia, and the medical contractor for the prison avers that surgery will be scheduled "in the near future." (Doc. 14-1 at ¶ 7). Medical notes from the August 29, 2025, visit indicate that Plaintiff will have hernia surgery so that the hernia can be repaired with mesh, and that until surgery can be conducted he should limit activities. (Doc. 14-2 at 123-25). Counsel

indicated in the response brief that the record will be supplemented with the surgical date when that information becomes available. (Doc. 14 at 2).

## Analysis

In light of the Defendants' detailed response (Doc. 14), and the indication via declaration and medical records that Plaintiff has now been medically evaluated by a prison doctor and an outside surgeon and will be schedule for surgery imminently, the Court now finds it appropriate to deny the motion for preliminary injunctive relief. Inmates cannot demand specific care, and although there may have been a delay in care from May to present, Plaintiff is now receiving active care. There does not appear to be any emergent issue. The surgeon recorded that Plaintiff is able to reduce the size of the hernia and associated pain by lying down, and he advised him to exercise caution with physical activity until surgery can be completed. The surgeon did not report that the hernia is currently strangulated, or that it poses an emergency danger. Given that Plaintiff is now scheduled for additional care, there is no further relief that the Court could grant. If an issue re-emerges accessing the care set forth in the Response (Doc. 14), Plaintiff may file a new freestanding motion detailing the new problems.

## Disposition

Plaintiff's Motion for a Preliminary Injunction (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 8, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge
